DECISION AND ORDER
 

 MARRERO, District Judge.
 

 Juan Jose Vicente Ferrandez (“Ferran-dez”), who plead guilty to a narcotics conspiracy offense, moves this Court to adjust the otherwise applicable sentencing guidelines offense level to account for the fact that he was a mere drug courier. The Court finds that Ferrandez qualifies as a “minor” participant in the drug conspiracy, but not a “minimal” participant, and therefore his offense level will be reduced by two levels. The motion is granted in part, and denied in part.
 

 I.
 
 BACKGROUND
 

 Ferrandez, a native of Spain, was traveling in Colombia with a companion. After a few months, he ran out of funds. In a conversation with an acquaintance of his companion, he made known that he was looking for gainful employment. At that time or soon after, he was offered $5,000 to deliver a suitcase of drugs to the United States. He flew from Colombia to Miami, and then took a train to New York City, where he delivered the suitcase to Yahaira Diaz (“Diaz”), a co-defendant in this case, at a hotel in midtown Manhattan. Diaz paid Ferrandez $3,500 and promised to arrange for him to receive the balance later. Shortly after leaving Ferrandez’s hotel room, the police arrested Diaz, who then directed them to Ferrandez. The suitcase contained 1.4 kilograms of heroin hidden in its panels.
 

 Ferrandez pled guilty to one count of conspiracy to distribute, and possess with intent to distribute, over one kilogram of heroin.
 
 See
 
 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A). The probation office has calculated that Ferrandez’s sentence should be based on an adjusted offense level of 27, which, given his lack of criminal history, would subject Ferrandez to a presumptive sentence of 70 to 87 months in prison. Ferrandez agrees with the probation office’s calculation, except that he contends he should be eligible for either a two- or fourlevel reduction in the offense level based upon his “minor” or “minimal” role in the conspiracy.
 

 II.
 
 DISCUSSION
 

 Under Sentencing Guideline § 3B1.2, a defendant who was a “minor participant” in the charged criminal activity is entitled to a two-level reduction in the otherwise applicable offense level, and a “minimal participant” is entitled to a four-level reduction.
 
 See United States Sentencing Guidelines Manual
 
 § 3B1.2 (2003) (“U.S.S.G.”). The defendant bears the burden to prove by a preponderance of the evidence that he is entitled to a § 3B1.2
 
 *DLXVI
 
 adjustment.
 
 See United States v. Carpenter,
 
 252 F.3d 230, 235 (2d Cir.2001).
 

 These adjustments are intended for a defendant “who plays a part in committing the offense that makes him substantially less culpable than the average participant.” U.S.S.G. § 3B1.2 cmt. 3(A). A “minimal participant” is a defendant who is “plainly among the least culpable of those involved”; the Sentencing Commission contemplated that this adjustment would “be used infrequently.”
 
 Id.
 
 cmt. 4. A “minor participant” is one “who is less culpable than most other participants, but whose role could not be described as minimal.” cmt. 5.
 

 In a drug conspiracy case such as the instant one, the Court must evaluate “the nature of the defendant’s relationship to other participants, the importance of the defendant’s actions to the success of the venture, and the defendant’s awareness of the nature and scope of the criminal enterprise.”
 
 United States v. Garcia,
 
 920 F.2d 153, 155 (2d Cir.1990). The Court then must consider whether, taking these factors into account, the defendant is substantially less culpable than the average participant in a similar conspiracy of the magnitude that determines the base offense level.
 
 See United States v. Ruiz,
 
 246 F.Supp.2d 263, 270 (S.D.N.Y.2002);
 
 see also United States v. Ajmal,
 
 67 F.3d 12, 18 (2d Cir.1995) (holding that relevant inquiry is whether defendant “played a minor role in comparison to the average participant in such a drug crime”). In other words, the issue here is not whether Ferrandez’s role was minor or minimal in relation to the particular drug trafficking organization involved here and all of its potential criminal activity; it is whether his role was minor or minimal in a more general comparative context in relation to a typical conspiracy to distribute and possess with intent to distribute between one and three kilograms of heroin (the amount of drugs determining the base level of his offense).
 

 Ferrandez emphasizes that he was a mere courier and that § 3B1.2 explicitly employs the example of “a defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to
 
 transporting
 
 or storing drugs.” U.S.S.G. § 3B1.2 cmt. 3(A) (emphasis added). Ferrandez also points out that he had virtually no prior knowledge of or other relationship to the drug conspiracy, nor even of the type or quantity of drugs he was transporting, and that he was paid a mere fraction of the street value of the drugs.
 

 The Government asserts that this type of conspiracy involves four players: the buyer, the seller, and the two couriers (Ferrandez and Diaz). According to the Government, a courier such as Ferrandez is at least an “average” participant in such a four-person scheme, and hardly “substantially less culpable” than an average participant, because Ferrandez personally transported
 
 all
 
 of the drugs which were involved in the particular conspiracy in the indictment.
 

 The Government’s argument ignores the fact that a typical conspiracy to import over one kilogram of heroin would certainly involve many more than four persons. Such a conspiracy would undoubtedly involve stakeholders and long-term participants on both the supply and distribution ends of the transaction. Ordinarily, it is at these polar ends of the operations that the bulk of the drug conspiracy would exist, with extensive networks of necessary participants branching out in the process of financing and manufacturing the drugs and creating a market for their distribution.
 
 Cf. United States v. Rojas-Millan,
 
 234 F.3d 464, 473 (9th Cir.2000) (“The Guidelines refer to minor
 
 ‘participants,’
 
 not to minor
 
 ‘defendants.
 
 ’ ”) (emphasis in
 
 *DLXVII
 
 original). Between these two central points, the couriers involved in the shipment play a connecting role, not infrequently, as Ferrandez here alleges, with little or no knowledge, participation or link further implicating them at either primary end of the drug operations. So perceived, Ferrandez’s role, as compared to all of those types of participants, renders the Government’s rejoinder to Ferrandez’s motion unpersuasive. Under the applicable factors the Second Circuit explained in
 
 Garcia,
 
 Ferrandez’s request is well-founded.
 

 First, with respect to “the nature of the defendant’s relationship to other participants,”
 
 Garcia,
 
 920 F.2d at 155, Ferrandez asserts he did not know the other participants in the crime, nor did he have any long-standing relationship or commitment to those persons. He also had no decision-making authority within the drug trafficking operation, or in connection with the specific transaction at issue. Nor had he previously engaged in any other trafficking on behalf of the organization. Second, with respect to “the importance of the defendant’s actions to the success of the venture,”
 
 id.,
 
 Ferrandez’s role was essentially fungible.
 
 See Ruiz,
 
 246 F.Supp.2d at 272 (“Virtually anyone could have been inserted ... without threatening the success of the enterprise.”);
 
 United States v. Sanchez,
 
 925 F.Supp. 1004, 1013 (S.D.N.Y.1996) (characterizing defendant as “replaceable”). He was important only “in the trivial sense in which every cog in the machine has to play its part in order for the machine to work.”
 
 Ruiz,
 
 246 F.Supp.2d at 272. Finally, with respect to “the defendant’s awareness of the nature and scope of the criminal enterprise,”
 
 Garcia,
 
 920 F.2d at 155, Ferrandez claims he did not know the type or amount of the drugs, nor anything about the larger trafficking operation.
 

 The Court finds Ferrandez’s arguments persuasive. Accordingly, the Court concludes that Ferrandez in entitled to a two-level adjustment as a minor participant. This conclusion accords with comparable cases in this District.
 
 See Ruiz,
 
 246 F.Supp.2d at 264-67 (awarding minor role adjustment to defendant who imported over 300,000 ecstasy pills to the New York from Columbia, via Ecuador and Florida);
 
 United States v. Martinez,
 
 No. 00 Crim. 1306, 2002 WL 1041318, at *1 (S.D.N.Y. May 22, 2002) (awarding minor participant adjustment to defendant who “had transported a substantial amount of heroin in five separate trips to Detroit within a four-month period, and had on at least one occasion helped handle, prepare, and package the heroin for shipment”).
 

 The Court declines to award Ferrandez a four-level “minimal role” adjustment because the Court concludes that Ferrandez was not among the least culpable as compared to typical participants in such a conspiracy. Important to this conclusion is the appropriate frame of reference for this inquiry. As stated above, the issue here is whether Ferrandez’s role was minimal in relation to a typical conspiracy to distribute and possess with intent to distribute between one and three kilograms of heroin. In relation to
 
 that
 
 type of crime, Ferrandez’s role, as the courier for all of the drugs involved, cannot be considered so trivial to the conspiracy as to be deemed “minimal,” even if his role was relatively minor. Ferrandez was entrusted to move the drugs thousands of miles from the supply hub to the distribution hub, and he knew he was transporting drugs. Ferrandez does not cite, nor could the Court find, a case in this Circuit in which a comparably-situated defendant was awarded a “minimal” participant adjustment.
 

 
 *DLXVIII
 
 By awarding Ferrandez a “minor participation” adjustment, the Court triggers a separate provision of the Guidelines which caps his base level offense at 30, instead of the otherwise applicable 32.
 
 See
 
 U.S.S.G. § 2Dl.l(a)(3). Accordingly, the cumulative effect of these provisions is that Fer-randez’s adjusted offense level will be reduced four levels to level 23.
 

 III.
 
 ORDER
 

 For the reasons stated, it is hereby
 

 ORDERED that the motion of defendant Juan Jose Vicente Ferrandez for an adjustment of the applicable sentencing guidelines offense level is granted in part, and denied in part; and it is further
 

 ORDERED that, for the purposes of determining the sentence of defendant Juan Jose Vicente Ferrandez, the adjusted offense level shall be 23.
 

 SO ORDERED.